HEIRS OF ANICETO FERNÁNDEZ, Plaintiffs and Appellants, *v.* SUCCESSORS OF JOSÉ MARÍA ORTIZ, Defendants and Appellees.

No. 4458.   Argued June 5, 1930.—Decided January 30, 1931.

*F. Cervoni Gely* for appellants.   *R. A. Arroyo Ríos* and *Vicente Ortiz León* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

In this action the plaintiffs, as heirs of Aniceto Fernández, are seeking to recover a property of 15.24 acres (*cuerdas*) located in the ward of Camino Nuevo, Yabucoa, which they allege is in possession of the defendants without any right or title thereto.   The defendants in their answer admit that they are in possession of the property described in the complaint, and allege having purchased it in 1919 from Aurora Arroyo, who in turn had acquired it in 1914 from Ramón Tirado, to whom it was sold in 1913 by José L. Berríos and his wife, who had purchased it from the heirs of Ramón Meléndez, owners thereof since 1896 by purchase from plaintiffs' ancestor Aniceto Fernández, all of which transfers appear of record in the Registry of Property of Humacao.   The defendants also set up prescription in their favor.

The case went to trial.   Both parties introduced their evidence and the court finally gave judgment in favor of the defendants.   Thereupon the plaintiffs appealed.   They claim that the court erred in weighing the evidence, of which they have made a detailed analysis in support of their contention.

The evidence is really confusing, and it must be acknowl-
edged that there is testimony sustaining the position of the
plaintiffs. But after a careful consideration we are of the
opinion that the findings made by the trial judge should
prevail. They are as follows:

"The following facts appear established from the documentary
and oral evidence introduced by the parties:

"About the year 1872 Gregorio Lastro was the owner of a certain
land situated in Yabucoa which he exchanged with María del Ro-
sario Pérez Ortiz, who, together with her husband Nicolás Lugo, sold
to Emilio Tirado, by a deed executed on September 13, 1880, a por-
tion of said land measuring 15.24 acres (*cuerdas*) the description
and boundaries of which are the same as those of the parcel now
claimed.

"This last sale was recorded in the Registry of Property of Hu-
macao, at folio 21, volume 10 of Yabucoa, property No. 514.

"On July 29, 1891, Emilio Tirado conveyed by a public deed
the property which he had acquired from María del Rosario Pérez
to Aniceto Fernández, the ancestor of the defendants (*sic*), and this
conveyance was recorded in the registry of property, which record
constitutes the second and last inscription in regard to said property
No. 514.

"In 1886, pursuant to possessory title proceedings, Emilio Tirado
recorded in the registry of property under No. 288 a 40-acre tract
situate in the ward of Camino Nuevo, Yabucoa, the description of
which is not now pertinent, and alleged having acquired the same
by purchase from the Succession of Regina de la Cruz, from which
tract he segregated a 15–acre parcel, which became a new property
recorded under No. 515, and another parcel, which is of no interest
in the present action. The description of the segregated 15–acre
parcel is as follows, according to the registry:

" 'RURAL: A parcel of pasture land, situate in the ward of Ca-
mino Nuevo in the Municipal District of Yabucoa. It contains fifteen
acres, equivalent to five hectares, eighty-nine ares and forty-five cen-
tiares, and is bounded on the west by land of Margarita Cruz, on
the north by land of Emilio Tirado, on the south by land of said
Tirado, and on the east by other land which is a part of the main
property belonging also to Tirado.'

"The said parcel of fifteen acres thus segregated from the forty-
acre tract was sold by its owner Emilio Tirado to Aniceto Fernández

by a deed executed on March 24, 1890, before notary Marcelino Estévanez and recorded in ,the Registry of Property of Humacao. ,

"After Aniceto Fernández became the owner of the two parcels above described measuring 15.24 acres and 15 acres and acquired by him respectively from María del Rosario Pérez and from Emilio Tirado, he conveyed, on June 29, 1896, to Ramón Meléndez Tirado one of the above mentioned parcels, describing the property conveyed as having an area of 15.24 acres and with the same boundaries as those pertaining to the parcel which he had purchased from María del Rosario Pérez, property No. 514 of the registry. But when referring to the source of his title he made no reference to said María del Rosario Pérez but to Emilio Tirado, from whom he had acquired only fifteen acres, recorded under No. 515, and which constituted the other parcel belonging to him. ,

"The registrar of property, fixing his attention on the title of origin rather than on the description of the parcel, recorded the transaction and entered the area and boundaries given as if property No. 515 were the one involved, although the stated description was really that of property No. 414 already mentioned.

"Similarly and under that description subsequent transfers of the property were made, it passing from Ramón Meléndez to his successor in interest and, pursuant to an assignment made of the hereditary rights by certain heirs of the said Ramón Meléndez and his wife Vicenta Rivera, it was awarded to José L. Berríos in the partition of the estate of the said spouses, said José L. Berríos thereafter conveying the property in question to Ramón Tirado Millán, who then assigned it to Aurora Arroyo y Arroyo, from whom it was acquired by the defendants Successors of José María Ortiz by a deed executed on May 3, 1919.

"From the foregoing facts it therefore appears that, either due to a mistake or some other undisclosed reason, Aniceto Fernández, in conveying a property owned by him to Ramón Meléndez Tirado, misstated the area and boundaries thereof, thus creating the confusion which has given rise to the present litigation.

"There is no evidence in the record showing that the possession and ownership of the property described did not pass through its successive occupants to Successors of José María Ortiz, and this indicates that, notwithstanding the error committed, Aniceto Fernández actually divested himself of said possession, which circumstance has served to cure any existing defect with regard to the identity of the property really conveyed. .

"But, in any event, it is an established fact that Aniceto Fer-

nández retained the other 15-acre parcel, and as it was he who committed the error, could he, if alive, recover the parcel in controversy and at the same time retain the purchase price received by him from Ramón Meléndez Tirado?

"We think not; and, if so, such a thing could not be done either by his heirs, who are the continuators of the personality of their ancestor.

"On the other hand, in the deed from Aniceto Fernández to Ramón Meléndez Tirado there was conveyed a parcel of 15.24 acres, the boundaries of which were described; and it was the description so given, and not the source of title stated by the vendor at the time of the sale, that the purchaser need take into account for the purpose of the possession.

"The defendant Successors of José María Ortiz bought from a person who, according to the registry of property, had a recorded title sufficient for a conveyance, and they were not bound to inquire into the cause or reason which had prompted Aniceto Fernández to include the wrong recitals as to the property in the deed of sale to Ramón Meléndez Tirado executed on June 29, 1896, and the said action on the part of Fernández cannot prejudice their rights."

The district judge went on to consider in his opinion the defense of prescription set up by the defendants, and he held that, as twenty-nine years and several months had elapsed from the time the original purchaser from the plaintiffs' ancestor took possession under a just title until the complaint was filed, prescription had cured any defect that might have existed. He cited the cases of *Martorell et al.* v. *J. Ochoa & Brother,* 25 P.R.R. 707, and *Teillard* v. *Teillard et al.,* 18 P.R.R. 546. We agree.

It is not sufficient that some of the witnesses for the plaintiffs should have stated that the defendants were also in possession of another 15.24-acre parcel which does not belong to them. In a case like the present one, the parcel should have been properly identified.

When testifying at the trial the plaintiffs Enrique and Facundo Fernández, who are the sons of Aniceto, insisted that their father never sold the property which they now claim. They stated that at the time of his death, he was in posses-

sion of the 15.24-acre parcel, which he allowed his friend (*compadre*) Ramón Meléndez to occupy when he went to live in town, where he died. In their testimony they said, in part, "that in 1906 their father sold a portion of the 120-acre tract, which he owned in Camino Nuevo, and then went away, leaving the said friend in charge of the 15.24-acre parcel which was a part of the 120-acre property where their father had been living"; also, "that their father sold the entire 120-acre tract with the exception of 15 acres"; and, further, "that at his death their father had possession of the 15.24-acre parcel in which he had installed his friend, and that in addition he had another 12-acre parcel, and still another of 7 or 8 acres, making three properties in all."

There was introduced in evidence the open will of Aniceto Fernández, executed in 1914, or three days before he died, and it is to be noticed that, considering the description given therein of the testator's property, mention was only made of a 12-acre parcel with a house on it situate in the ward of Camino Nuevo, another of $7\frac{1}{2}$ acres in the same ward, and another of one-half acre also in Camino Nuevo. No reference was made to any parcel of 15 acres or of 15.24 acres.

Fernández died in the same municipal district where his properties were located and was survived by his wife and eight of the eleven children born out of their marriage, among whom were the witnesses Enrique and Facundo Fernández, who were then 30 and 28 years old, respectively; and it is very strange that, considering such a large family with so little property, they should have failed to concern themselves with the parcel of 15 or 15.24 acres, situate in the ward of Camino Nuevo, until 1926 when the action was brought.

With such evidence, even if any doubt in favor of the plaintiffs remained in the mind of the judge, it does not seem possible how these defendants, who were in possession of several properties in the ward of Camino Nuevo, acquired

by them from various owners and one of which contained 15.40 acres and had been purchased from a person who traced her title to plaintiffs' ancestor, could have been adjudged to surrender to the plaintiffs a parcel of 15.24 acres which, with certain boundaries, appeared recorded in the registry in the name of such ancestor, without any showing from the same registry as to any subsequent transaction in reference to such parcel. The effect of a record cannot be extended that far. The most that could have been expected in such a situation was what the trial judge did: to render judgment in favor of the defendants without any special imposition of costs.

The judgment appealed from must be affirmed.